UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Alemnis Sigfrido Lopez Crawford,<br><br>    Petitioner<br><br>v.<br><br>Todd Blanche, et al.,<br><br>    Respondents | Case No. 2:26-cv-01552-CDS-BNW<br><br>**Order Requiring Respondents to File Responses to the Petition for Writ of Habeas Corpus and Petitioner's Motion for Temporary Restraining Order** |

Petitioner Alemnis Sigfrido Lopez Crawford, an immigration detainee who is challenging the lawfulness of his federal detention, has filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) and motion for temporary restraining order (ECF No. 2). Following a preliminary review of the petition and motion under the Rules Governing § 2254 cases,[1] I find that the petition establishes a prima facie case for relief. Because the United States Attorney's Office for the District of Nevada (USAO) has been added as an interested party, I direct the respondents to file a response to the petition,[2] and set a briefing schedule.[3]

It is kindly ordered that the Clerk of Court:

1.  <u>MAIL</u> a copy of the petition (ECF No. 1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Markwayne Mullin, 245 Murray Lane SW, Washington, DC 20528; Todd Blanche, 950 Pennsylvania Avenue NW,

---

[1] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[2] I note that a summons was issued as to the respondents on May 22, 2026 (ECF No. 4), but the summons has not been returned. Because the USAO has been added to the docket as an interested party, and pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

[3] Also pending before the court is the petitioner's emergency motion for a temporary restraining order, ECF No. 2, the federal respondents are also ordered to file a response to the emergency motion.

Washington, DC, 20530; Kerri Ann Quihuis, 501 South Las Vegas Blvd., Suite 1000, Las Vegas, NV 89101.[4]

It is further ordered that the United States Attorney's Office for the District of Nevada file a notice of appearance by June 11, 2026, and file and serve their answer to the petition and their response to the motion by June 18, 2026, unless additional time is allowed for good cause shown. The respondents must, if applicable, provide copies of the following: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; and (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, the federal respondents may CERTIFY that any of the listed documents are not in their custody or control. The respondents must file any documents referenced or relied upon in their responsive pleadings with those pleadings.[5] The petitioner will then have seven days to file any reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

---

[4] I note for the record that counsel has entered an appearance on behalf of respondent Frank D' Amico. *See* Notice, ECF No. 6. Also, Kerri Ann Quihuis is substituted for Michael Bernacke, who is no longer serving as the Salt Lake City Field Office Director.

[5] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[6] until further order of the court. In the event of lawful deportation, the respondents' counsel must file a notice with the court within five days of removal.

Dated: June 3, 2026

_____
Cristina D. Silva
United States District Judge

---

[6] See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3