UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Alemnis Sigfrido Lopez Crawford, | Case No. 2:26-cv-01552-CDS-BNW |
| Petitioner | **Order Granting in Part the Petitioner's Petition and Denying the Petitioner's Motion for a Temporary Restraining Order** |
| v. | |
| Todd Blanche, et al., | |
| Respondents | [ECF Nos. 1, 2] |

On May 21, 2026, petitioner Alemnis Sigfrido Lopez Crawford initiated this action by filing a writ of habeas corpus petition. Pet., ECF No. 1. That same day, he filed an emergency motion for a temporary restraining order (TRO)[1]. Mot., ECF No. 2. The respondents filed a response to both. Resps., ECF Nos. 10, 12. The petitioner filed replies to the respondents' responses. Replies, ECF Nos. 11, 13. Having considered the pleadings, I grant in part Lopez Crawford's petition and deny the motion for a TRO.

## I.    Background

Lopez Crawford is a citizen of Nicaragua who has lived in the United States since 2001. ECF No. 1 at 6; Notice to appear, Pet'r's Ex. D, ECF No. 2-4 at 2; I-213 Form, Pet'r's Ex. E, ECF No. 2-5 at 2.[2] From 2015 through 2022, Lopez Crawford was a beneficiary of the Deferred Action for Childhood Arrivals (DACA) program. ECF No. 1 at 8. Lopez Crawford was a beneficiary of the DACA program until 2022 when he failed to renew his DACA application. *Id.* at 3. Lopez Crawford's applications for cancellation of removal, asylum, and withholding of removal remain pending. *Id.* at 2.

---

[1] As the court previously noted, ECF No. 8, the court finds that the emergency motion is not an emergency, so the emergency designation is stricken.

[2] The respondents assert that the petitioner entered the United States at an unknown location and on an unknown date. ECF No. 10; Notice to appear, Resp'ts' Ex. B, ECF No. 10-2 at 2.

On March 8, 2025, Lopez Crawford was arrested by Las Vegas Metropolitan Police (LVMPD) for driving under the influence (DUI), a misdemeanor offense. ECF No. 2-5 at 4. It is unclear from the record when Lopez Crawford was released. However, on September 25, 2025, a bench warrant was issued because Lopez Crawford failed to appear for a court hearing. *Id.* On March 10, 2026, LVMPD arrested Lopez Crawford on the bench warrant. *Id.* His misdemeanor case is currently pending before the Las Vegas Justice Court. *Id.*

On March 12, 2026, Lopez Crawford was detained by ICE. ECF No. 1 at 3. On April 2, 2026, counsel on behalf of Lopez Crawford filed a motion for bond redetermination. Mot., Pet'r's Ex. F, ECF No. 2-6 at 3. On April 13, 2026, the immigration judge (IJ) denied Lopez Crawford's request to be released on bond after finding him a danger to the community. ECF No. 1 at 10. In making this finding, the IJ held "the respondent has not demonstrated he is not a danger to the community." IJ order, Pet'r's Ex. G, ECF No. 2-7 at 2. Lopez Crawford reserved his right to appeal. *Id.* at 3.

On May 13, 2026, Lopez Crawford appealed the IJ's April 13, 2026 order to the Board of Immigration Appeals (BIA). Notice of appeal, Resp'ts' Ex. F, ECF No. 10-6. On May 21, 2026, the IJ issued a bond memorandum. Bond memo., Resp'ts' Ex. E, ECF No. 10-5. Therien, the IJ explained that it considered Lopez Crawford's criminal history and found that Lopez Crawford "had not demonstrated that he was not a danger to the community and denied his request for release on bond." *Id.* at 2. The IJ explained that while "the DUI charge remains pending, he drove his motor vehicle into a wall resulting in injury to himself and property damage. This demonstrates a disregard for public safety." *Id.* at 2.

As a result, Lopez Crawford brings this writ of habeas corpus petition asserting a violation of his Fifth Amendment due process rights and a substantive due process violation. Lopez Crawford seeks an order directing the respondents to immediately release him or to

provide him with a constitutionally adequate bond hearing with the correct legal standard where the government bears the burden of proof under 8 U.S.C. § 1229(a). *Id.* at 18.[3]

II.     **Legal authority**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

III.    **Discussion**

**A.  Waiver of administrative exhaustion is warranted.**

Lopez Crawford asserts that he is not required to exhaust the administrative remedies before seeking habeas relief because any appeal to the BIA would be futile. ECF No. 1 at 11. Moreover, Lopez Crawford asserts that under *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004), he can show that he would suffer irreparable harm. *Id.* (citing *Scott v. Wamsley*, 2025 U.S. Dist. LEXIS 253288 (W.D. Wash. Dec. 8, 2025) ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face irreparable injury from being detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal." (cleaned up)).

The respondents argue that the exhaustion requirement is mandatory. ECF No. 12 at 5. They further argue that the waiver is not applicable here because the appeal to the BIA was

---

[3] The petitioner also seeks attorney's fees under the EAJA. ECF No. 1 at 18. I deny this request without prejudice as premature because the court has not yet entered a final judgment.

recently submitted on May 13, 2026, so it cannot be argued that the relief remedy before the BIA would be futile to justify waiving the exhaustion requirement. *Id.* at 6.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing*, 370 F.3d at 1000. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

This circuit has held "that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability." *Laing*, 370 F.3d at 1001; *see also Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003); *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003). Indeed, "the starting point of the analysis is the length of detention—both how long the petitioner has been detained and how long the detention is likely to last." *Gonzalez v. Bonnar*, 2019 U.S. Dist. LEXIS 12636, at *14 (N.D. Cal. Jan. 25, 2019) (collecting cases). Other courts have held that that "the potential for irreparable harm to Petitioner, in the form of continued unlawful denial of [bond] hearings for potentially four months or more," was so great that waiver of exhaustion requirement is appropriate. *See Villalta v. Sessions*, 2017 U.S. Dist. LEXIS 162981, at *9 (N.D. Cal. Oct. 2, 2017); *Cortez v. Sessions*, 2018 U.S. Dist. LEXIS 51007 (N.D. Cal. Mar. 27, 2018); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Lozano Rosales v. Simon*, 2026 U.S. Dist. LEXIS 50660, at *14 (E.D. Va. Mar. 11, 2026) (observing that the federal respondents had "not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before

4

seeking relief" in a habeas proceeding, and refusing to require the petitioner to "sit in an ICE detention facility for months on end while he awaits a BIA decision").

I find that administrative exhaustion is waived here and further find Lopez Crawford meets his burden showing relief is warranted. The respondents correctly highlight in their response that the BIA appeal was recently filed in May 2026 (ECF No. 12 at 6). But there is no information as to when the BIA would render a decision on Lopez Crawford's appeal. Thus, I find that Lopez Crawford's detention is neither brief nor anticipated to end in the near future. Accordingly, waiver of administrative exhaustion is warranted.[4]

### B.  The petitioner is detained under § 1226(a), not § 1225(b)(2)(A).

I must determine what statutory provision Lopez Crawford is detained under. Lopez Crawford asserts that he should be granted relief for a bond hearing under 8 U.S.C. § 1226(a). ECF No. 1 at 11.

In opposition, the respondents argue that because Lopez Crawford entered the United States without inspection and is an applicant for admission, he is lawfully mandatorily detained under § 1225(b)(2)(A) and is not subject to discretionary detention under 8 U.S.C. § 1226(a). ECF No. 12 at 4. To support their position, the respondents cite to *Buenrostro-Mendez v. Bondi*, asserting that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States." *Id.* at 3–4 (citing 166 F.4th 494 (5th Cir. 2026)). The respondents also cite to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), and assert that the Eighth Circuit "ultimately agreed with the Fifth Circuit and their analysis." *Id.* at 2. In reply, the petitioner argues that the respondents' position is incorrect, and that the DHS did not previously contest the IJ's jurisdiction to conduct a bond hearing under 8 U.S.C. § 1226(a) during the bond hearing. ECF No. 13 at 2.

---

[4] Because I find administrative exhaustion is waived due to irreparable harm, I do not make a finding as to Lopez Crawford's futility argument.

I find the respondents' arguments unpersuasive. Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). On the other hand, § 1226(a) states:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . . .

*Id.* at § 1226(a). The plain language of these provisions indicates that both § 1225 and § 1226 govern the detention of noncitizens pending removal proceedings. The difference is that § 1225 provides for mandatory detention, whereas § 1226 allows for the release of the noncitizen on conditional parole or bond.

"A statute should be construed so that effect is given to all its provisions." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citation omitted); *Corley v. United States*, 556 U.S. 303, 314 (2009). "When interpreting a statute, the inquiry 'begins with the statutory text, and ends there as well if the text is unambiguous.'" *See In re Vill. Apothecary, Inc.*, 45 F.4th 940, 947 (6th Cir. 2022) (citation omitted). But "the 'meaning—or ambiguity—of certain words or phrases may only become evident when placed in context.'" *King v. Burwell*, 576 U.S. 473, 486 (2015) (citation omitted). And "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) (citation omitted). The court must also "use every tool at [its] disposal to determine the best reading of the statute." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024).

Section 1225 is titled "Inspection by immigration officers; expedited removal of inadmissible **arriving aliens**; referral for hearing." 8 U.S.C. § 1225 (emphasis added). This title "is especially valuable [where] it reinforces what the text's nouns and verbs independently suggest." *Yates v. United States*, 574 U.S. 528, 552 (2015) (Alito, J., concurring). And § 1225(b)(2)(A) provides for the detention "of an alien who is *an applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Important here, the INA defines an "applicant for admission" as "[a]n alien present in the United States who **has not been admitted or who arrives in the United States.**" *See id.* at § 1225(a)(1) (emphasis added). The INA further defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *See id.* at § 1101(a)(13). The word "entry" is not defined in the INA. *See generally id.* at § 1101. But the dictionary definition of "entry" is "the right or privilege of entering" or "the act of entering." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/entry (last visited June 28, 2026). "Entry" has long been understood to mean "a crossing into the territorial limits of the United States." *Hing Sum v. Holder*, 602 F.3d 1092, 1100–01 (9th Cir. 2010) (quoting *Matter of Pierre*, 14 I. & N. Dec. 467, 468 (BIA 1973)). The phrase "seeking admission" is also undefined in the statute. The dictionary definition of "seeking" is "ask[ing] for." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/seeking (last visited June 28, 2026). And the word "seeking" "necessarily implies some sort of present-tense action." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025) (citations omitted).

The respondents' interpretation of § 1225 would render the qualifier "seeking admission" in the statute entirely unnecessary, so that interpretation would be improper. "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citations omitted). Given Congress's

decision to use different terms in § 1225—i.e., "applicant for admission" and "alien seeking admission"—I presume that Congress intended these phrases to mean different things. *See Pulsifer v. United States*, 601 U.S. 124, 149 (2024) ("In a given statute . . . different terms usually have different meanings." (citation omitted)); *see also Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025); 8 U.S.C. § 1225(a)(2)(3) (reasoning that Congress's decision to include the word "arriving," and references to methods of physical arrival, such as "stowaways" and "crewmen," in § 1225 shows Congress's intent to address noncitizens arriving "at a border or port of entry.").

In contrast, § 1226 is titled: "Apprehension and detention of aliens." 8 U.S.C. § 1226. "That Congress separated removal of arriving aliens," as set forth in § 1225, "from its more general section for 'Apprehension and detention of aliens,'" as set forth in § 1226, "implies that Congress enacted § 1225 for a specific, limited purpose." *Pizarro Reyes*, 2025 WL 2609425, at *5 (citing *Dubin v. United States*, 599 U.S. 110, 122 (2023)). As the U.S. Supreme Court explained in *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018), § 1225 is part of the "process of decision [that] generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible," whereas "[s]ection 1226 generally governs the process of arresting and detaining . . . aliens [already living within the United States] pending their removal." *Id.* at 288. Thus, *Jennings* differentiated between noncitizens initially arriving to the United States who are governed by § 1225, and noncitizens already present in the country who are governed by § 1226. *Id.* at 288–89.

The respondents rely on out-of-circuit Fifth Circuit and Eighth Circuit decisions to support their position that Lopez Crawford is properly detained under § 1225. ECF No. 12 at 2 (citing *Buenrostro-Mendez*, 166 F.4th 494; *Avila*, 170 F.4th 1128). But the record is clear: Lopez Crawford is not actively seeking to lawfully cross into the territorial limits of the United States because he has been in the United States for approximately twenty-five years (ECF No. 1 at 7)

and has previously been granted DACA. So I find that Lopez Crawford is detained under § 1226(a), rather than § 1225(b)(2)(A).

> ### C. The petitioner's continued detention without an adequate bond hearing violates his due process rights.

The petitioner asserts that his Fifth Amendment due process rights have been violated for two reasons. First, the respondents have deprived Lopez Crawford of his right to procedural due process by detaining him without applying the correct legal standard for dangerousness—namely, relying on one sole pending charge for DUI to support a finding that the petitioner is a danger to the community. ECF No. 1 at 12. Second, Lopez Crawford asserts that there was also a violation by placing the burden of proof on him because that does not "ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id.* at 14 (quoting *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

I agree with Lopez Crawford. The record demonstrates that petitioner's custody redetermination hearing did not adequately comport with due process. As a result, I find his continued detention fails to comport with due process. The IJ improperly shifted the burden during his bond hearing by requiring Lopez Crawford to provide evidence that he was not a flight risk, instead of requiring the government to meet its burden that he *should be* detained. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008) (A noncitizen is "entitled to release on bond unless the government establishes that he is a flight risk or will be a danger to the community." (cleaned up)). Therefore, the petitioner is entitled to a hearing that determines if he is a flight risk or will be a danger to the community under the correct standard and burden.

Accordingly, I grant Lopez Crawford's petition to ensure the U.S. Constitution's values are upheld. The petitioner is entitled to a prompt and individualized bond hearing, at which the respondents must justify his continued detention by a showing of clear and convincing evidence that the petitioner would likely flee or pose a danger to the community if released. *See Singh*, 638

F.3d at 1203 (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond").

IV.      Conclusion

IT IS HEREBY ORDERED that Alemnis Sigfrido Lopez Crawford's petition **[ECF No. 1]** **is GRANTED in part**.

IT IS FURTHER ORDERED that the respondents give Lopez Crawford a bond hearing by July 6, 2026. The respondents must file a status report within 48 hours of the bond hearing advising (1) when the hearing occurred and (2) the outcome of that hearing.

IT IS FURTHER ORDERED that the emergency designation is stricken and the petitioner's motion for a temporary restraining order **[ECF No. 2] is DENIED.**

Dated: June 29, 2026

_____
Cristina D. Silva
United States District Judge