UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Alemnis Sigfrido Lopez Crawford,

Petitioner

v.

Todd Blanche, et al.,

Respondent

Case No. 2:26-cv-01552-CDS-BNW

**Order Granting Petitioner's Motion to Enforce and Motion to Stay Removal**

[ECF Nos. 16, 21]

On October 29, 2026, the federal respondents filed a notice of upcoming removal of petitioner Alemnis Sigfrido Lopez Crawford. *See* Notice, ECF No. 20. In sum, the notice advised that petitioner was scheduled for removal on October 2, 2026. *Id.* Counsel for petitioner filed a response, which I construe as a motion, advising that Lopez Crawford has a pending appeal before the Board of Immigration Appeals ("BIA"), so his removal should be stayed. *See* Resp., ECF No. 21. I held a hearing to address the notice on October 1, 2026, during which I granted a temporary stay of his removal in light of the exhibits provided by petitioner's counsel showing there is a pending appeal.[1] *See* ECF No. 21-1 at 2. During that hearing, I also addressed the petitioner's pending motion to enforce. *See* Mot., ECF No. 16. For the reasons set forth on the record during the October 1, 2026 hearing, and for those set forth herein, that motion is granted.

## Discussion

Petitioner moves to enforce the order I issued on June 29, 2026, granting in part Lopez Crawford's petition for writ of habeas corpus. Order, ECF No. 14. As explained in that order, the petitioner's Fifth Amendment rights had been violated because he was deprived of procedural

[1] During the October 1, 2026 hearing, the federal respondents proffered that the Department of Homeland Security (DHS) has not received the documents shown in ECF No. 21-1 at 2 filed with the Executive Office for Immigration Review (EOIR). The proffer fell far short of overcoming the evidence provided by the petitioner showing the documents had, in fact, been electronically filed with EOIR on September 30, 2026.

due process by detaining him without applying the correct legal standard for dangerousness, and because the immigration judge (IJ) improperly shifted the burden of demonstrating dangerousness from the government to Lopez Crawford. *Id.* at 9–10. Because of those violations, I ordered the federal respondents to provide the petitioner with a new bond hearing. *Id.* at 10. The federal respondents complied with that order and gave Lopez Crawford another bond hearing on July 6, 2026. ECF No. 16 at 2; *see also* Redetermination proc. order, ECF No. 16-3 However, as alleged in his motion to enforce, his second bond hearing suffered the same constitutional defects. *See id.* The federal respondents oppose the motion to enforce, asserting that this second bond hearing did not suffer from any constitutional violations, and that the petitioner failed to meet his burden showing he was not a danger to the community. *See* ECF No. 18.

It is well-established that "[w]hen determining whether a noncitizen is a danger to the community or risk of flight, an [immigration judge] weighs nine factors, pursuant to BIA precedent." *K.G.M.Q. v. Bondi*, 2026 WL 962609, at *10 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024)). The factors the IJ "may" consider "include any or all of the following":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. at 40. The Ninth Circuit has recognized one of the "most pertinent" factors at custody redeterminations is an "alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *See Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011); *see also Martinez*, 124 F.4th at 785 ("[T]he BIA properly

noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community."). Although a person's "criminal record is surely relevant to a bond assessment, *Guerra* contemplates that criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." *Singh*, 638 F.3d at 1206.

On habeas review, this court evaluates an immigration court's determination as to dangerousness and flight risk for abuse of discretion. *See Martinez*, 124 F.4th at 779, 784–85. Under that standard, this court cannot reweigh evidence. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Rather, this court can determine only whether the correct legal standard was applied. *Id.* "When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard of proof." *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019). First, a person can bring a challenge "based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's conclusion." *Id.* The second option is to assert that the IJ applied the incorrect standard to the facts. *See id.*

As acknowledged by the petitioner during the October 1, 2026 hearing, Lopez Crawford challenges his bond redetermination under both prongs. The petitioner has met his burden under both prongs by showing the IJ erred in her application of the standard under the facts of this case. Indeed, the evidence before this court shows that the IJ failed to "correctly appl[y] the statutory standard to a given set of facts" and the evidence could not, as a matter of law, have supported the denial of bond. *Martinez*, 124 F.4th at 783; *see Hechavarria*, 358 F. Supp. 3d at 240.

As to the first prong, while the IJ's order details the *Guerra* factors she considered, it appears the IJ detained Lopez Crawford because of a single Driving under the Influence (DUI) charge and his alleged failure to appear for his arraignment on this charge. The record however does not show any proof Lopez Crawford was ever served with the summons in that case, and he has yet to be convicted of DUI. In its opposition to the motion to enforce, the federal

respondents essentially contend that Lopez Crawford *must have* been on notice of that charge, essentially arguing a willful failure to appear. But suggestion of notice is wholly insufficient; the federal respondents provide no explanation why they did not obtain a copy of a public record to show proof of service. Indeed, it was the government's burden during the bond hearing to establish that the petitioner was a danger to the community. *See Martinez*, 124 F.4th at 785. Further, as the Ninth Circuit has acknowledged—and this court agrees—one's criminal record is relevant to a bond assessment. But *Guerra* contemplates that criminal history alone is not always sufficient to justify denial of bond on the basis of dangerousness. Here, Lopez Crawford has no criminal convictions, just a misdemeanor arrest, and there is no proof of a willful failure to appear.

This court is not reweighing the evidence before the IJ. Rather, this court finds the record remains unclear as to how his July 6, 2026 hearing was constitutionally sufficient given that criminal history alone is insufficient to justify denial of bond, and the evidence here shows only an arrest of the petitioner without proof of a willful failure to appear. *See Soto Gimenez v. Hernandez*, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("[B]ond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process.").

## Conclusion

IT IS HEREBY ORDERED that the petitioner's motion to enforce **[ECF No. 16] is GRANTED in part**[2] as set forth on the record during the October 1, 2026 hearing and in this order.

IT IS FURTHER ORDERED that the petitioner's motion to stay his removal pending the BIA appeal **[ECF No. 20] is GRANTED** as set forth on the record during the October 1, 2026.

[2] I only grant the motion in part because Lopez Crawford also requested that I order his bond redetermination to be heard before a different IJ, but he cites no authority that would allow me to grant such relief.

IT IS FURTHER ORDERED that petitioner must be provided a constitutionally sufficient bond hearing that considers and evaluates the *In re Guerra* factors no later than Friday, October 9, 2026, at 3:00 p.m.

IT IS FURTHER ORDERED that the federal respondents must file a status report stating when the bond hearing occurred, the outcome of that hearing, and the specific findings of the immigration judge no later than Thursday, October 15, 2026.

IT IS FURTHER ORDERED that if the federal respondents fail to provide the petitioner with another bond hearing by the date indicated in this order, or if the petitioner is provided another bond hearing that again fails to comport with due process, I will issue an order requiring Lopez Crawford to be immediately released pending resolution of his appeal before the BIA.

Dated: October 2, 2026

_______________________________
Cristina D. Silva
United States District Judge