UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Alemnis Sigfrido Lopez Crawford,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-01552-CDS-BNW

**Order Instructing Respondents to File Documents**

On October 2, 2026, I found an immigration judge's decision that petitioner Alemnis Sigfrido Lopez Crawford was a danger to the community under the factors enumerated in *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), to not be supported by the evidence when the decision was based on the petitioner's single Driving Under the Influence (DUI) charge—not conviction—and his alleged failure to appear for his arraignment on this charge without proof that he was served with the summons in that case. Order, ECF No. 24. I therefore ordered that petitioner Alemnis Sigfrido Lopez Crawford be provided with a constitutionally sufficient bond hearing that considers and evaluates the *In re Guerra* factors no later than October 9, 2026. *Id.* at 5. I also ordered the federal respondents to file a status report stating when the bond hearing occurred, the outcome of that hearing, and the specific findings of the immigration judge no later than October 15, 2026. *Id.* Finally, I explained that if the federal respondents failed to provide the petitioner with another bond hearing by October 9, or if the petitioner was provided another bond hearing that failed to comport with due process, I would issue an order requiring Lopez Crawford to be immediately released pending resolution of his appeal before the Board of Immigration Appeals (BIA). *Id.*

On October 9, 2026, Lopez Crawford filed a status report informing the court that although he appeared for a bond hearing on October 7, 2026, that hearing was not constitutionally sufficient because the "Federal Respondents introduced no new evidence

pertaining to their burden of proof that Petitioner is not a danger to the community," and that "[t]he Immigration Judge again impermissibly shifted the burden of proof to Petitioner and concluded, based on the single pending criminal charge, that Petitioner was a danger to the community." Pet'r's status report, ECF No. 25 at 2. On October 13, 2026, the federal respondents filed their own status report stating "the present case should be closed, as the relief requested was fully granted" when the "Petitioner had a custody redetermination hearing on October 7, 2026" and "[b]ond was denied after the Department of Homeland Security met its Court ordered burden by demonstrating that Petitioner is a danger to the community." Resp'ts' status report, ECF No. 26 at 1–2. In support of that argument, the federal respondents attached the immigration judge's form order stating "[t]he DHS has demonstrated that the respondent is a danger to the community" without further explanation. Resp'ts' Ex. A, ECF No. 26-1 at 2. The federal respondents do not respond to the points raised in Lopez Crawford's status report.

## Conclusion

IT IS HEREBY ORDERED that the federal respondents must file a copy of the transcript of the October 7, 2026 bond hearing by October 19, 2026.

IT IS FURTHER ORDERED that if the immigration judge issues a memorandum decision by October 19, 2026, the federal respondents must also file a copy of that decision by October 19, 2026.

IT IS FURTHER ORDERED that if the federal respondents fail to comply with this order, I will issue an order requiring Lopez Crawford to be immediately released pending resolution of his appeal before the BIA.

Dated: October 13, 2026

Cristina D. Silva
United States District Judge